UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| JIMMY LEE BOLDEN, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No.: 6:19-cv-00906-ACA-HNJ |
| GWENDOLYN GIVENS, et al., | ) ) ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

Jimmy Lee Bolden, an Alabama state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).[1] On November 14, 2019, the magistrate judge entered a report and recommendation, recommending that the court dismiss this action with prejudice as untimely. (Doc. 9). Although the magistrate judge advised Mr. Bolden of his right to file specific written objections within 14 days, the court has not received any objections.

---

[1] Although Mr. Bolden purports to file his petition under 28 U.S.C. § 2241, he is in the custody of the Alabama Department of Corrections and challenges his 2007 conviction and sentence in the Elmore County Circuit Court. (Doc. 1 at 1–2). Therefore, his petition is subject to 28 U.S.C. § 2254. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("[A] prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on § 2254 petitions . . . by nominally bringing suit under § 2241."); *Medberry v. Crosby*, 351 F.3d 1049, 1060–61 (11th Cir. 2003) (holding that if a state prisoner is in custody pursuant to the judgment of a state court, his petition is subject to § 2254 and noting a state prisoner cannot avoid restriction on § 2254 petitions "simply by writing '§ 2241' on his petition for federal post-conviction relief").

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. The court **WILL DISMISS** Mr. Bolden's petition for a writ of habeas corpus with prejudice as untimely. Additionally, the court **WILL DENY** a certificate of appealability.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this December 16, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE